IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01817-WJM-NYW

ADVANCED EXTERIORS, INC.,

    Plaintiff,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION,
USAA CASUALTY INSURANCE COMPANY,
USAA GENERAL INDEMNITY COMPANY, and
GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY,

    Defendants.

## ORDER ON MOTION TO STAY

Magistrate Judge Nina Y. Wang

This matter is before the court on Defendants' Motion to Stay Discovery (the "Motion" or "Motion to Stay") [Doc. 42]. The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated September 24, 2021, [Doc. 14], the Order Directing Reassignment of United States Magistrate Judge dated November 15, 2021, [Doc. 30], and the Memorandum dated April 15, 2022. [Doc. 43]. Upon review of the Motion, the related briefing, and the applicable case law, the Motion to Stay is respectfully **DENIED**.

### BACKGROUND

Plaintiff Advanced Exteriors, Inc. initiated this civil action on July 2, 2021 and filed a First Amended Complaint and Jury Demand on October 19, 2021. [Doc. 22]. Plaintiff names four Defendants in this putative class action: United Services Automobile Association ("USAA"), USAA Casualty Insurance Company, USAA General Indemnity

Company, and Garrison Property and Casualty Insurance Company (collectively, "Defendants").  *See* [*id.* at 1].  Plaintiffs allege generally that, in the roofing-repair context, USAA "refuses to pay the roofing labor rate for tear-off of roofing material," which Plaintiff asserts is the market rate, and that USAA instead pays only a "demolition rate."  [*Id.* at ¶¶ 8, 23].  Plaintiff asserts three claims on behalf of itself and a class of persons or entities who have performed roofing work for USAA: (1) unreasonable delay or denial of insurance benefits pursuant to Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116; (2) unjust enrichment; and (3) a claim seeking a declaratory judgment and injunctive relief.  [*Id.* at ¶¶ 43, 55, 61, 64-65].

This case was originally assigned to the Honorable William J. Martínez and referred to the Honorable N. Reid Neureiter.  *See* [Doc. 14].  Judge Neureiter held a Scheduling Conference in this matter on November 9, 2021, at which time he set the discovery deadline for September 19, 2022 and the dispositive motions deadline for December 23, 2022.  [Doc. 28; Doc. 29 at 8-9].  On November 15, 2021, Judge Martínez ordered that this case be reassigned to the undersigned Magistrate Judge due to a related case that had been assigned to Judge Martínez and referred to the undersigned: *Advanced Exteriors, Inc. v. Liberty Mutual Group, Inc. et al.*, 21-cv-01814-WJM-NYW.  [Doc. 30].

Defendants filed a Motion to Dismiss in this case on November 2, 2021, moving the court to dismiss Plaintiff's claims for failure to state a claim under Rule 12(b)(6).  *See* [Doc. 26].  The Motion to Dismiss is fully briefed, *see* [Doc. 33; Doc. 37], and remains pending before the presiding judge.  Defendants then filed the instant Motion to Stay on April 14, 2022.  *See* [Doc. 42].  In the Motion, Defendants "move for a 90-day stay of

2

discovery in light of their pending motion to dismiss and the waste of resources that will occur if discovery proceeds and [their] motion to dismiss is later granted." [*Id.* at 3]. This court ordered Plaintiff to respond to the Motion to Stay by April 25, 2022, and ordered that no replies would be permitted absent leave of court. [Doc. 44]. Thereafter, the Parties jointly contacted the court to set a Discovery Dispute Conference in this matter, which has been set on the court's calendar for May 9, 2022. [Doc. 45]. Plaintiff subsequently filed a Response, opposing a stay of discovery and "request[ing] that this Court strike the Motion and enforce the informal discovery dispute procedure outlined" in the undersigned's Practice Standards. *See* [Doc. 48 at 4]. Because the Motion is ripe for disposition, I consider the Parties' arguments below.

## LEGAL STANDARD

Whether to stay discovery is a matter left to the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Indeed, the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, but the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). In determining whether a stay is appropriate, the court considers the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay, the burden on the defendants in proceeding in the action, and the convenience to the court, as well as the interests of non-parties and the public. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v.*

3

*Renda,* No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)). Courts in this District generally disfavor the stay of all discovery. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007).

## ANALYSIS

### I.  Plaintiff's Request to Strike the Motion to Stay

The court first addresses Plaintiff's assertions that the Motion to Stay violates the undersigned's Practice Standards and its accompanying request that the court strike the Motion. *See* [Doc. 48 at 4]. As a preliminary matter, the Local Rules provide that "[a] motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document." D.C.COLO.LCivR 7.1(d). Accordingly, insofar as Plaintiff requests relief from the court in its Response, such a request is not properly before the court. *See Bison Designs, LLC v. Lejon of Cal., Inc.*, No. 14-cv-02885-MSK-NYW, 2016 WL 943779, at *2 (D. Colo. Mar. 14, 2016) (disregarding "as improper" a party's request to strike evidence that was made in a summary judgment response).

In any event, the court does not find it necessary to strike the Motion to Stay. The undersigned's Civil Practice Standards provide that "[b]efore filing any discovery motion," the Parties shall contact the undersigned's chambers to set a discovery dispute conference. NYW Civ. Practice Standard 37.1. The Practice Standards further state that the "[f]ailure to engage in an informal discovery dispute process without leave of court may lead to the striking of any filed discovery motion without substantive consideration." *Id.* Plaintiff argues that because Defendants filed the Motion to Stay without first

4

contacting the undersigned's chambers to set a discovery dispute conference, Defendants have violated the above-referenced Practice Standards. [Doc. 48 at 4].

The court respectfully disagrees. The Practice Standard which Plaintiff references concerns instances in which parties have a dispute concerning the substance of discovery, and encourages parties to participate in a discovery dispute conference prior to filing "any discovery motion"—e.g., a motion to compel or a motion for sanctions. This court has not traditionally held discovery dispute conferences to discuss whether a stay of discovery is appropriate, and accordingly, the court does not consider a motion to stay all discovery to be a motion which requires the Parties to first contact the court to schedule a discovery dispute conference. *See LS3 Inc. v. Cherokee Fed. Sols., L.L.C.*, No. 20-cv-03555-PAB-NYW, 2021 WL 4947284, at *2 (D. Colo. Aug. 26, 2021) (explaining that this court "does not typically stay cases without formal motions or orders—particularly in cases in which it sits by referral."). While the court certainly appreciates all Parties familiarizing themselves and complying with the undersigned's Practice Standards, the court declines to strike Defendants' Motion on this basis. *Id.*[1]

## II.   The Motion to Stay

In determining whether a stay is appropriate, courts consider the following five factors (the "*String Cheese* factors"):

> (1) plaintiff's interest in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

---

[1] Insofar as Plaintiff's argument is an assertion that the Motion to Stay is an indirect attempt to avoid a resolution of a discovery dispute between the Parties, the court addresses this argument below.

*Lane v. Yohn*, No. 12-cv-02183-MSK-MEH, 2012 WL 4928216, at *2 (D. Colo. Oct. 15, 2012) (citing *String Cheese*, 2006 WL 894955, at *2). I consider each factor in turn.

**Plaintiff's Interest in Proceeding Expeditiously**. First, Defendants argue that the first *String Cheese* factor is neutral because "[a] brief stay of discovery will not cause any prejudice to Plaintiff," reasoning that a 90-day stay of discovery will not run the risk of any loss of evidence and will "balance[] Plaintiff's interest in proceeding with the case." [Doc. 42 at 8]. In response, Plaintiff asserts that due to the upcoming discovery deadlines in this case, staying discovery "will delay the case significantly and require an entirely new Scheduling Order, with new discovery and motions cutoff dates." [Doc. 48 at 7].

Plaintiff "undoubtedly ha[s] an interest in proceeding expeditiously in this matter." *Sanchez v. City and Cty. of Denver*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *5 (D. Colo. Feb. 26, 2020); *see also Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSJ-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) ("[S]taying the case while defendant's motion to dismiss is pending could substantially delay the ultimate resolution of the matter, with injurious consequences."). Even a brief 90-day stay may potentially delay the efficient resolution of Plaintiff's claims, as it would likely require the re-setting of the case deadlines and subsequent delay of trial, should the Motion to Dismiss be denied. Indeed, "dispositive motions are denied more often than they result in the termination of a case. Consequently, . . . it is more likely than not from a statistical point of view that a delay pending a ruling would prove unnecessary." *Hagerman v. Eli Lilly & Co.*, No. 09-cv-00672-REB-BNB, 2009 WL 4268369, at *3 (D. Colo. Nov. 20, 2009).

Moreover, the court notes that while Defendants seek only a 90-day stay of discovery, there is no guarantee that the Motion to Dismiss will be ruled on in the next 90

days, given the significant caseload of the judges within this District. *See Wood v. Kelley*, No. 20-cv-01221-PAB-NRN, 2021 WL 795490, at *5 (D. Colo. Mar. 2, 2021) (stating that, in 2020, "the weighted civil case filings per judgeship show that the District of Colorado is the tenth busiest district in the country out of 94 judicial districts."). For these reasons, the court finds that the first *String Cheese* factor weighs against a stay of discovery.

**The Burden on Defendant**. With respect to the second *String Cheese* factor, Defendants maintain that "allowing discovery to proceed would impose a large burden" on Defendants, as Plaintiff seeks "extensive discovery" with respect to 263 claim files. [Doc. 42 at 9]. Defendants estimate that Plaintiff's discovery requests would "require a burdensome review and analysis of over 600,000 pages" of discovery. [*Id.* at 9]. Furthermore, Defendants note that Plaintiff seeks additional discovery related to the prospective class, which "may require a file-by-file review of every single roofing claim from Colorado during the Class Period." [*Id.*]. Defendants "acknowledge[] Plaintiff's stated willingness to meet and confer . . . in an effort to limit the burden of discovery," but maintain that any meet and confer will not meaningfully narrow the scope of discovery and assert that the burden of discovery "strongly supports a stay." [*Id.* at 9-10]. In response, Plaintiff challenges Defendants' general assertions as to the burdensome nature of anticipated discovery. [Doc. 48 at 5-6].

Insofar as the Parties have pending disputes over the scope of discovery, the court declines to wade into such disputes at this time, given the upcoming Discovery Dispute Conference. *See* [Doc. 45]; *see also* [Doc. 48 at 5 (Plaintiff representing that the issues asserted by Defendants "will be addressed at the discovery hearing scheduled for May 9, 2022")]. The court acknowledges that, based on Defendants' representations, the scope

of Plaintiff's requested discovery may be substantial, and that "class actions, such as the purported class claims asserted here, may be time consuming." *Paulson v. Two Rivers Water & Farming Co.*, No. 19-cv-02639-PAB-NYW, 2020 WL 1078859, at *5 (D. Colo. Mar. 6, 2020). But Defendants represent that Plaintiff is willing to meet and confer with respect to the scope of discovery, and indeed, the Parties are set to appear before the court within two weeks. While the court does not find that Defendants have filed the instant Motion to avoid addressing the Parties' discovery dispute, generally speaking, "a stay of discovery is not a proper discovery-dispute mechanism, as this court has well-established procedures for raising such disputes before the court." *LS3 Inc.*, 2021 WL 4947284, at *5. The court is confident that counsel will meaningfully work to narrow the Parties' discovery requests to cover only what is truly necessary to proceed efficiently with this litigation.

The court also notes that "[d]efendants are always burdened when they are sued," *Chavez*, 2007 WL 683973, at *2, and "[t]he ordinary burdens associated with litigating a case do not constitute undue burdens." *Wells v. Dish Network, LLC*, No. 11-cv-00269-CMA-KLM, 2011 WL 2516390, at *1 (D. Colo. June 22, 2011); *see also Webb v. Brandon Exp. Inc.,* No. 09-cv-00792-WYD-BNB, 2009 WL 4061827, at *2 (D. Colo. Nov. 20, 2009) ("Parties always are burdened by discovery and the other requirements for the preparation of a case. That is a consequence of our judicial system and the rules of civil procedure. There is no special burden here."). And in their Motion to Dismiss, Defendants do not argue that the court lacks jurisdiction over this matter or that they are immune from suit. *See Clarendon*, 2019 WL 1897845, at *2 (a stay may be appropriate pending resolution of immunity or jurisdiction issues asserted in a motion to dismiss).

Rather, Defendants argue that Plaintiff has failed to state a claim. While the court acknowledges that a dispositive motion might reduce or eliminate the time, costs, or efforts expended in discovery in this case, the same could be said about the majority of civil cases. A motion to dismiss for failure to state a claim under Rule 12(b)(6) does not present extraordinary circumstances so as to find that Defendants will be unduly burdened if they must partake in discovery prior to the ruling on the Motion to Dismiss. The court concludes that the second *String Cheese* factor weighs against staying discovery at this juncture.

**The Convenience to the Court**. Turning to the third *String Cheese* factor, Defendants contend that a brief stay of discovery would serve the court's interests because "given the extent of discovery Plaintiff demands, there may be a need for judicial intervention to manage the permissible scope of discovery," and if the Motion to Dismiss is eventually granted, the court would have expended resources that ultimately prove unnecessary. [Doc. 42 at 10].

The court respectfully disagrees. The potential for discovery disputes between the Parties does not overpower the court's "strong interest in ensuring the speedy resolution of the cases before it." *Birse v. CenturyLink, Inc.*, No. 17-cv-02872-CMA-NYW, 2019 WL 161642, at *3 (D. Colo. Jan. 2, 2019); *see also Genscape, Inc. v. Live Power Intel. Co. NA, LLC*, No. 18-cv-02525-WYD-NYW, 2019 WL 78933, at *3 (D. Colo. Jan. 2, 2019) (finding that "the potential for discovery disputes does not outweigh the court's determination that it is most efficient to move forward without a stay"). In any event, "[d]iscovery disputes are the bread and butter of a magistrate judge's involvement in many civil actions and will no doubt continue to be such," and the court "cannot find that having

to afford such guidance is a valid reason to stay . . . discovery in a particular action." *Salls v. Secura Ins.*, No. 18-cv-00370-MSK-GPG, 2019 WL 1228068, at *2 (D. Colo. Mar. 16, 2019). Thus, while a Discovery Dispute Conference has already been scheduled in this matter, the court is not persuaded that the potential for discovery disputes between the Parties warrants a stay of discovery here.

More broadly, the court cannot invite the practice of parties filing motions to stay discovery solely based on the possibility that discovery could be narrowed or obviated by a pending dispositive motion. "[G]ranting a stay of discovery solely because Defendants have asserted a Rule 12(b)(6) defense would suggest that a stay is appropriate nearly any time a defendant files a motion to dismiss." *Hottinger Excavating & Ready Mix, LLC v. R.E. Crawford Constr., LLC*, No. 14-cv-00994-KMT, 2014 WL 12676229, at *1 (D. Colo. June 25, 2014). Motions to dismiss under Rule 12(b)(6) are regularly filed in civil actions, and if the court were required to entertain motions to stay discovery equally as often, such a practice would cause a significant strain on already limited judicial resources in this District.

At bottom, "cases that linger on the Court's docket are more difficult to manage," *Bitco Gen. Ins. Corp. v. Genex Constr. LLC*, No. 16-cv-01084-WJM-NYW, 2016 WL 8608452, at *1 (D. Colo. Sept. 13, 2016), and "[t]he Court has an interest in managing its docket by having the cases on its docket proceed expeditiously." *WildEarth Guardians v. IRG Bayaud, LLC*, No. 14-cv-01153-MSK-KLM, 2014 WL 4748296, at *7 (D. Colo. Sept. 24, 2014). The court does not find that the present circumstances warrant contravening this District's general policy disfavoring a complete stay of discovery. *Wason Ranch*,

2007 WL 1655362, at *1.  For these reasons, the third *String Cheese* factor weighs against a stay of discovery.

**The Public Interest**.  In arguing that the public interest weighs in favor of a stay of discovery, Defendants assert the same arguments as those raised with respect to the third *String Cheese* factor: that a stay of discovery would obviate the need for the court to hear discovery disputes and would conserve judicial resources.  [Doc. 42 at 9].  But while the public may have an interest in the conservation of finite judicial resources, the public also has a "strong interest . . . regarding the prompt and efficient handling of all litigation." *Wells*, 2011 WL 2516390, at *2.  "[C]onsiderations of fairness and timeliness will not be advanced by the imposition of a stay."  *Choice Genetics USA, LLC v. Peetz Co-Operative Co.*, No. 16-cv-00154-WJM-KLM, 2016 WL 9344066, at *2 (D. Colo. Nov. 7, 2016).  The court is not persuaded that the public interest favors a stay of discovery and concludes that this factor is neutral.

**Interests of Non-Parties**.  Finally, Defendants argue that a stay of discovery serves the interests of non-parties because non-party policyholders "may object to disclosure of their claim-file information to Plaintiff, or to being targeted as third-party witnesses," and thus non-party policyholders "have an interest in not being engaged in this lawsuit unnecessarily."  [Doc. 42 at 10-11].  Plaintiff responds that Defendants' assertions are without merit, as a Protective Order has been entered in this matter and the discovery requests concern insurer estimates and claims handling notes, not personal information of the insureds.  [Doc. 48 at 8].

The court respectfully concludes that Defendants' arguments concerning non-party interests are speculative.  There is no present indication in the briefing or on the

docket that any specifically identified non-parties would be burdened if discovery were to proceed in this matter. Additionally, the court cannot conclude that the possibility that a non-party may be required to participate in some aspect of discovery would be so burdensome on the non-party so as to warrant a stay of discovery in this matter. "To so find would render this factor meaningless because the party [seeking] a stay in any case could offer the same generalized argument." *McGettigan v. Di Mare*, No. 15-cv-00097-PAB-KLM, 2015 WL 3636582, at *3 (D. Colo. June 11, 2015). For these reasons, the court finds that this factor is neutral. *See Genscape*, 2019 WL 78933, at *3 ("[I]t is unclear to what extent the interests of nonparties will be impacted by discovery in this matter; thus, this factor neither favors nor counsels against a stay.").

For all of these reasons, the court finds no basis to depart from well-settled authority in this District that disfavors stays pending the resolution of a dispositive motion. *Wason Ranch*, 2007 WL 1655362, at *1. Weighing the interests of the Parties, the court, non-parties, and the general public, the court concludes that a stay of discovery is not warranted. Accordingly, the Motion to Stay is respectfully **DENIED**.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1)   Defendants' Motion to Stay Discovery [Doc. 42] is **DENIED**.

DATED: April 27, 2022

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

12